## DIAMOND STEEL HIGHWAY SIGN CO. et al. v. LATHAM.

### No. 11233.

Court of Civil Appeals of Texas. Dallas.

May 13, 1933.

Rehearing Denied June 10, 1933.

See, also, 57 S.W.(2d) 937, 59 S.W.(2d) 899.

Wm. M. Cramer, of Dallas, for plaintiffs in error.

E. G. Senter, of Dallas, for defendant in error.

BOND, Justice.

George B. Latham, defendant in error, instituted this suit against M. R. Thrailkill, E. A. Decker, and the Diamond Steel Highway Sign Company, a corporation, to recover commissions he had earned as sales manager for the sale of advertising on sign plates owned by the corporation, to be used along the highways of the state of Texas, and elsewhere.

The issues involved in this suit were cast against the plaintiffs in error, substantially as follows: That on April 1, 1922, George B. Latham made a contract with M. R. Thrailkill, E. A. Decker, and one L. H. Smith, doing business as a copartnership under the firm name of Texas Steel Highway Markers Association, to act as sales manager to sell advertising plates manufactured by them; that on March 13, 1923, the association was duly incorporated by said Thrailkill, Decker, and one E. L. McGill for the purpose of carrying out the plans, contracts, and obligations, and to assume the indebtedness due by the association; that all assets, rights, claims, and contracts of the association became the property of the corporation.

Defendant in error further alleged that, in consideration for such services, and in accordance with the terms of said contract, he was to be paid a commission, as and when the written contracts procured by him were accepted by the association; that he placed advertising contracts, acceptable to the association, totaling $35,000, on which he is entitled to a commission in the sum of $6,999.

Plaintiffs in error entered a general denial, special pleas of two and four-year statutes of limitation, and a special answer that the contract, the basis of defendant in error's claim for commissions, entitled him to payment only as and when the advertising contracts procured by him were paid by the customers, and that all commissions thereunder had been paid; that such arrangements were customary, the prevailing custom was known to defendant in error, and the contract was made in reference to said custom.

Latham's contentions are that the contract was for the payment of his commissions as and when customers' contracts were accepted by the association, without regard to the collection of the contract price, and that the corporation assumed payment; the company's contentions are that the contract is for the payment of commissions by the association only as and when the customers paid for the advertising plates—if the price was not paid, no commissions were due—and that the corporation did not assume the association's obligation to pay the commissions.

The issue thus presented is embodied in the trial court's charge and submitted to the jury, and, on an affirmative answer, that Latham was to receive his commission in full on accepted contracts procured by him, regardless of whether the association collected from the customers, and in accordance with such finding and the uncontroverted evidence, as to the amount due in reference thereto, judgment for $5,000, with 6 per cent. interest thereon from January 1, 1924, was entered in favor of Latham against the plaintiffs in error.

Plaintiffs in error assail the issues, the verdict of the jury, and the judgment of the court, on the ground that same find no support in the evidence. We overrule this contention. The evidence discloses that defendant in error, on April 1, 1922, made and entered into an oral contract with the copartnership, to serve as sales manager in the manufacture, erection, and placing of steel signs upon the public highways; that the contracting parties agreed to pay him a commission for his services, based upon the size of the advertising plates, as and when the services were performed and the advertisers' contracts accepted by the association; that from April 1, 1922, to March 31, 1923, the association accepted customers' contracts for advertising plates, procured by Latham under the contract of employment, to an amount earning commissions aggregating $6,999, and that of this amount $1,628 had been paid.

The jury being the arbiters of all controverted material issues of fact, finding support in pleading and evidence, their verdict, sanctioned by a fair and impartial trial court, is the probative force which actuates appellate courts in sustaining the judgment of the lower court. We conclude that the verdict of the jury on the issues submitted, and the judgment of the court thereon, find ample support in the testimony.

Plaintiffs in error further contend that the testimony fails to show that the corporation assumed the obligation of the parties, to pay the commissions claimed by defendant in error, which were contracted for before its incorporation. In the trial court there was no charge presented or request made for the submission of the issue, and no objection was made to the charge of the court anent thereto.

The record reveals that the corporation is the successor to the partnership, took over all of the assets, and paid to defendant in error commissions on advertising sales procured under the contract, as interpreted by the corporate officers. Mr. Decker testified that he is president and one of the incorporators of the Diamond Steel Highway Sign Company; that all of the business of the Texas Steel Highway Markers Association was taken over by the corporation, and its assets was the paid-in corporate stock of the corporation. Plaintiffs in error introduced in evidence an abandoned petition filed in the suit, which disclosed that the corporation assumed the contracts and obligations outstanding against Thrailkill and Decker, and

the Texas Steel Highway Markers Association. So, under this state of the record, the issue of assumption is uncontroverted, therefore, the trial court was not required to submit the issue. Thus, in support of the judgment rendered, we may indulge the presumption that the court found the corporation had assumed payment of the obligation due the defendant in error.

We find no error in the judgment of the trial court; having carefully considered each of plaintiffs in error's assignments, and finding no merit in them, they are expressly overruled. Accordingly, the case is affirmed.

Affirmed.